UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x

DIRECTORS GUILD OF AMERICA, INC.,

                          *Petitioner,*

          - v. -

FOX TELEVISION STATIONS, INC.,

                        *Respondent.*

----------------------------------------------------------------- x

Case No.

## PETITION TO CONFIRM ARBITRATION AWARD

Petitioner Directors Guild of America, Inc. ("DGA") alleges as follows:

### Introduction

1.     This is an action to confirm a labor arbitration award.  The award found that the Respondent, Fox Television Stations, Inc. ("Fox"), violated its collective bargaining agreements with the DGA by restricting its access to the WNYW Control Room to a maximum duration of fifteen minutes per visit.  The DGA seeks a judgment confirming the award and ordering Fox to comply with it.

### Jurisdiction and Venue

2.     The Court has jurisdiction pursuant to Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(a), as this is a suit concerning violation of contracts between an employer and a labor organization.

3.     Venue lies in this District under 28 U.S.C. §185(c), as the DGA has duly authorized agents engaged in representing employee members in the District.  Venue also lies under 28 U.S.C. §1391(b)(1), as Fox "resides" in this District within the meaning of 28 U.S.C.

§1391(c)(2), and under 28 U.S.C. §1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in this District.

### The Parties

4.      The DGA is a labor organization representing employees in industries affecting commerce.  Its members work in film, television and other media as Directors, Associate Directors and other members of the directorial team (collectively, the "Directors").  The DGA maintains an office in New York City.

5.      Fox is an employer that operates certain television stations, including WNYW in New York (the "Station").  Fox maintains facilities in New York City.

### The Collective Bargaining Agreements

6.      At all relevant times, the DGA has served as the collective bargaining representative of the Directors employed by Fox at the Station.  The location where the Directors primarily work is referred to as the Station's Control Room.

7.      At all relevant times, the DGA and Fox have been parties to a collective bargaining agreement ("CBA") governing terms and conditions of employment of the Directors employed at the Station.  *See* Declaration of Lila Foldes ("Foldes Decl."), Exhibit 1.

8.      Article VIII of the Agreement contains a grievance-arbitration procedure for the resolution of disputes between the parties.  It allows for the submission to arbitration of "[a]ny complaint, controversy, dispute or grievance between the parties hereto with respect to the terms of this Agreement."  *See id.* at 19.  It further provides that "[t]he award rendered by the arbitrator shall be final and binding on the parties, and judgment upon such award may be entered in any court of competent jurisdiction."  *Id.*

2

## The Arbitration Award

9. On June 12, 2024, after then-Union Field Representative Kittie Walsh had requested to visit the Station's Control Room during the live broadcast of Good Day New York, Fox Labor Relations Counsel Mary Kate Serratelli informed the DGA that "[t]he Station is not agreeable to Kittie visiting tomorrow."

10. On July 16, 2024, Serratelli informed the Union that the Employer "maintains that any visit inside the Control Room shall be limited to 15 minutes, so as not to interfere with the normal operations of the Station."

11. On August 26, 2024, the DGA submitted a grievance (Foldes Decl., Exhibit 2) to Fox claiming that its imposition of a fifteen-minute time limit on any visit to the Control Room by a Union Representative violated the Agreement, in particular the CBA provision that provided that "Authorized representatives of the Guild shall be allowed reasonable access to investigate or inspect operations of the Company covered by this Agreement for compliance with the requirements and conditions herein." Foldes Decl., Exhibit 1, at 5 (Art. II, §2.2(F)).

12. After the parties failed to resolve the grievance, the DGA, in an arbitration claim dated December 4, 2024, demanded arbitration of the grievance. Foldes Decl., Exhibit 3.

13. The DGA and Fox agreed to the appointment of David J. Reilly, a well-respected and experienced labor arbitrator, as the arbitrator for the arbitration ("Arbitrator").

14. The Arbitrator held an in-person hearing on September 16, 2025, and continued the hearing by videoconference on October 3, 2025.

15. In the arbitration proceedings, both the DGA and Fox were represented by counsel and were afforded full opportunity to present, examine and cross-examine witnesses and

to make arguments. Both parties presented witnesses and other evidence and submitted post-hearing briefs to the Arbitrator.

16. On December 19, 2025, the Arbitrator issued an award ("Award") granting the grievance. Foldes Decl., Exhibit 4. The Award provided, in relevant part, that Fox "violated Article II, §2.2F of parties' collective bargaining agreement by restricting Union access to its WNYW Control Room." *Id.* at 31. The Award also ordered that "The Employer shall comply with the requirements of Article II, §2.2F by allowing Union Representatives reasonable access to the WNYW Control Room during live broadcasts to investigate or inspect operations of the Employer covered by the parties' collective bargaining agreement for compliance with its terms. In doing so, the Employer shall rescind its established fifteen-minute time limit on Control Room access and refrain from imposing any other conditions inconsistent with reasonable access." *Id.*

17. The Arbitrator based his Opinion and Award on evidence presented to him at the hearings and on his interpretation and construction of the CBA.

18. Fox's violation of the Agreement, as found by the Arbitrator, constituted a "violation of contracts between an employer and a labor organization" within the meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

19. The Award is "final and binding" within the meaning of Article VIII of the Agreement.

20. The Award has not been vacated or modified.

21. The 90-day statute of limitations has passed for Fox to seek to vacate or otherwise challenge the validity of the Award.

**Request for Relief**

22.     The DGA seeks a judgment confirming the Award, pursuant to LMRA Section 301(a) and Article VIII of the Agreement.

WHEREFORE, the DGA respectfully requests that the Court issue a judgment:

(a)  confirming the Award;

(b)  directing Fox to comply with the Award; and

(c)  providing such other and further relief as the Court may deem just and proper.

Dated:  March 25, 2026

/s/ *Evan R. Hudson-Plush*

Evan R. Hudson-Plush
Samuel Hull
COHEN, WEISS and SIMON LLP
909 Third Avenue, 12th Floor
New York, New York 10022-4731
(212) 356-0254
ehudson-plush@cwsny.com
shull@cwsny.com

Attorneys for Petitioner Directors Guild of America, Inc.